SILVEY *et al. v.* UPTON.

(Division B.   October 27, 1947.)

[32 So. (2d) 267.   No. 36562.]

**McClaren & Hagee**, of McComb, for appellant.

**J. T. Lowry,** of Gloster, and **Gordon & Gordon,** of Liberty, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Bill was filed by Upton to cancel, as a cloud upon his title, a mineral lease and a mineral deed. The land in each instrument was described as follows: "Being a part of the N½ of SE¼ and a part of the S½ of the NE¼ of Section 9, Township 2 N, Range 2 E, and containing 100 acres, more or less."

It is noted that the description in the instruments is too vague to sustain their validity. There is no recital or clue which could aid in its identification. Both are ineffective to convey title.

The record is replete with contentions involving matters of pleading, and the testimony is directed chiefly toward establishing a forgery of the mineral deed. We need not pursue these matters, now made irrelevant by our decision.

Appellants made no effort to seek reformation by cross bill. A motion to file such pleading, made after both sides had rested, was properly denied as not indicating the purpose or basis therefor. It may be observed that any attempt so to do would have collided at once with undisputed testimony of the deed's forgery whereby mutuality of intent or mistake would be effectually destroyed.

The right of complainant, under Code 1942, Section 1324, to cancel, as a cloud on his title, an instrument void on its face, may not be impaired by its impotence to do practical harm to his title. The predecessor of the cited

statute was under review in Louisville & N. R. Co. v. Western Union Tel. Company, 234 U. S. 369, 34 S. Ct. 810, 58. L. Ed. 1356, and such right was upheld. We accept this view as correct. Even a void deed is sufficient cloud to cast a disturbing shadow.

The learned chancellor decreed cancellation of the two instruments with certain refunds tendered by complainant. With this result, we are in accord.

Affirmed.